IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MARGO RAMLAL-NANKOE,

Plaintiff,

Civ. Action No.
3:11-CV-0889 (GTS/DEP)

v.

ITHACA COLLEGE,

Defendant.

---

APPEARANCES: OF COUNSEL:

FOR PLAINTIFF:

RAMBADADT LAW OFFICE
33 West 19th Street, 4th Floor
New York, NY 10011

ROBERT RAMBADADT, ESQ.

FOR DEFENDANT:

BOND, SCHOENECK LAW FIRM
One Lincoln Center
Syracuse, NY 13202-1355

SUBHASH VISWANATHAN, ESQ.

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

DECISION AND ORDER

Plaintiff Margo Ramlal-Nankoe has commenced this action against her former employer, defendant Ithaca College, asserting claims of

employment discrimination and breach of contract. Plaintiff's claims stem from defendant's denial of her application for tenure and subsequent termination of her employment as a professor at the college.

Currently pending before the court in connection with this action is an application by defendant for an order compelling discovery. For the reasons set forth below, although the substantive portion of defendant's motion has been rendered moot by the provision of the sought-after discovery, I will award defendant the reasonable expenses incurred in making the motion.

## I. BACKGROUND

On February 22, 2012, defendant served a first request for the production of documents ("RFP") upon plaintiff. Among the materials sought in that RFP were (1) medical records associated with any treatment of the plaintiff for alleged mental anguish and emotional distress from the beginning of her employment with defendant; (2) signed authorizations for medical records associated with all such treatment; and (3) documents, including state and federal tax forms, relating to income earned by plaintiff since termination of her employment with the defendant. In answer to each of these demands plaintiff stated

"Objection. Demand is vague and overly broad. Without waiving said objection, plaintiff responds as follows: To be provided."

Defendant's RFPs were discussed in a telephone conference conducted by the court on April 24, 2012. During that conference plaintiff's counsel represented to the court that responses to defendant's RFPs, which up until that time had not yet been provided, would be forthcoming by April 27, 2012.

As a result of plaintiff's failure to meet that commitment, defendant's counsel initiated a series of communications with plaintiff's attorney requesting a response to the outstanding RFPs. A response to defendant's RFPs was finally received by the defendant on June 22, 2012. That response, however, did not include any documents produced in answer to the three requests now at issue.

On September 14, 2012, following a series of communications with plaintiff's counsel, defendant filed a motion to compel plaintiff to respond to the three disputed document demands. Plaintiff's counsel responded on September 21, 2012 by letter advising that the requested documents have been produced to defendant, and attaching copies of those documents. The defendant has since notified the court, by letter dated

September 26, 2012, that while the requested documents have now been provided, it nonetheless seeks recovery of the expenses necessitated in bringing the instant motion.

## II. DISCUSSION

Defendant's motion to compel discovery was brought pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. Addressing the question of expenses, that rule provides, in pertinent part, that

> [i]f the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. . .

Fed. R. Civ. P. 37(a)(5)(A). Rule 37 goes on to qualify this requirement by carvesing out three exceptions to this mandate in cases where (1) the moving party has failed to confer in good faith with the opposing party in an effort to resolve the matter prior to filing the motion; (2) the opposing party's position in resisting discovery was substantially justified; or (3) or other circumstances would make an award of expenses unjust. Id.

Here, a review of the three disputed RFPs reflect that they are

extremely limited and, presumably, compliance with them did not impose any undue burden upon the plaintiff. The only justification offered for failing to comply with those demands for seven months is that plaintiff "has been out of the country on business and upon her return became engrossed in her teaching duties and responsibilities." *See* Rambadadt Letter Dated Sept. 21, 2012 (Dkt. No. 32) at p. 1.

Having carefully considered the matter, I find no basis to conclude that defendant's counsel failed to confer with plaintiff's counsel in a good faith effort to obtain the required disclosure prior to filing the instant motion. In addition, plaintiff has offered no substantial justification for the delay in making the requested disclosure, which she promised would be forthcoming in April 2012. Nor are there any other circumstances discerned by the court that would make an award of expenses unjust. Under these circumstances the court is compelled to award expenses, including attorney's fees, incurred by defendant in connection with the pending motion to compel.

Based upon the foregoing, it is hereby

ORDERED as follows:

1) Defendant's motion to compel discovery (Dkt. No. 31) is

DENIED, as moot.

2) Because the discovery sought in defendant's motion was provided after the filing of the motion, defendant will be awarded the reasonable expenses, including attorney's fees, incurred in making the motion.

3) Within fourteen days of the date of this order, if defendant desires to pursue an award of expenses, it shall provide to the court an itemization of all expenses incurred in connection with the motion, with the supporting documentation required by prevailing case law within this circuit.

4) Within fourteen days of the date of filing of defendant's application for quantification of expenses, plaintiff may file with the court a response addressing the amount sought.

David E. Peebles
U.S. Magistrate Judge

Dated: October 16, 2012
Syracuse, NY